IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GODWIN OKOYE,

   Plaintiff,

  vs.           Civ. No. 21-105 KG/JFR

LIBRADA PEREZ and ALUTIIQ
MANAGEMENT SERVICES,

   Defendants.

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

 THIS MATTER is before the Court on the Order of Reference, filed September 23,

2021.  Doc. 35.  Therein, the undersigned referred this matter to Magistrate Judge John F.

Robbenhaar to "order a more definite statement as to the claims, clarifying whether federal or

state law is involved, and to perform any legal analysis required to recommend to the Court

whether it has subject-matter jurisdiction," and to "submit an analysis, including findings of fact,

if necessary, and recommended disposition."  *Id.* at 1.

 On October 19, 2021, Judge Robbenhaar filed his Proposed Findings and Recommended

Disposition ("PFRD").  Doc. 44.  Judge Robbenhaar found that Plaintiff had failed to state any

federal claims on which relief can be granted and/or over which the Court has subject matter

jurisdiction and that it would be futile to give Plaintiff an opportunity to amend his complaint for

the fifth time.  *Id.* at 6-20.  Judge Robbenhaar, therefore, recommended that the federal claims in

Plaintiff's Fourth Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*Id.*  Judge Robbenhaar also found that Plaintiff's Fourth Amended Complaint failed to state a

claim on which relief can be granted and/or over which the Court has subject matter jurisdiction.

*Id.* at 20-22.  Judge Robbenhaar, therefore, recommended that Plaintiff's unlawful job

termination claim be dismissed.  *Id.*  Judge Robbenhaar further recommended that even if
Plaintiff were granted leave and could adequately amend his unlawful job termination claim to
state a plausible claim for relief, this Court should decline supplemental jurisdiction.  *Id.*

On November 2, 2021, Plaintiff filed a "Motion for Appellate Review of Proposed
Findings and Recommended Disposition," which the Court liberally construes as timely filed
objections to Judge Robbenhaar's PFRD.[1]  Defendants did not file a response.

District courts may refer dispositive motions to a magistrate judge for a recommended
disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C.
§ 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the
[magistrate judge's] recommended disposition, a party may serve and file specific written
objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C.
§ 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge
must determine de novo any part of the magistrate judge's disposition that has been properly
objected to.  The district judge may accept, reject, or modify the recommended disposition;
receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R.
Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be
both timely and specific to preserve an issue for de novo review by the district court or for
appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.
1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's
recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996);
*see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit,

---

[1] Plaintiff is proceeding *pro se* and "[a] pro se litigant's pleadings are to be construed liberally and held to a less
stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the relevant filings and Plaintiff's Objections in light of the foregoing standards and has conducted a *de novo* review. Based on this review and for the reasons discussed below, the Court finds that Plaintiff's Objections to the PFRD are unfounded and they are overruled.

      A.      <u>Federal Claims</u>

          1.      <u>Section 1983</u>

Judge Robbenhaar found that Plaintiff had failed to state a claim for relief pursuant to 42 U.S.C. § 1983 over which the Court has subject matter jurisdiction because Plaintiff had not alleged facts identifying a constitutional right of which he had been deprived and had not demonstrated that either of the Defendants were acting under color of state law. Doc. 44 at 6. In his Objections, Plaintiff argues only that the Court has jurisdiction over his case because the Court accepted his filings. Doc. 46 at 2-3. Plaintiff's argument does not address the deficiencies in his Fourth Amended Complaint as to his alleged § 1983 claim. Plaintiff's Objections as to this issue, therefore, are overruled.

          2.      <u>Hostile Work Environment and Retaliation Claims</u>

Judge Robbenhaar found that Plaintiff had failed to state a claim for hostile work environment based his national origin, age and disability. Doc. 44 at 9-14. Judge Robbenhaar similarly found that Plaintiff's Fourth Amended Complaint failed to state a plausible retaliation claim based on discrimination. *Id.* at 14-16. Last, Judge Robbenhaar found that it would be futile to allow Plaintiff to amend his complaint for a fifth time. *Id.* at 16-19. Judge Robbenhaar, therefore, recommended that Plaintiff's hostile work environment and retaliation claims be

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id.*  In his Objections, Plaintiff argues that he did not, "in any way, shape or form, cite Age Discrimination, Disability and National Origin as causes of action."  Doc. 46 at 3.

Liberally construing Plaintiff's Objections, it appears that Plaintiff is now arguing that his hostile work environment and retaliation claims are not tied to any protected status.  To begin, Plaintiff's argument is undermined by his having filed a "Charge of Discrimination" with the EEOC and the New Mexico Human Rights Bureau prior to filing suit in which he indicated he had been discriminated and retaliated against based on his national origin, age and disability. Doc. 1 at 7-8.  That aside, "theories raised for the first time in objections to the magistrate judge's report are deemed waived."  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Thus, Plaintiff's Objections as to these issues are overruled.

  B. <u>State Law Claim</u>

Judge Robbenhaar found that as to the claim of unlawful job termination based on a breach of an implied contract, Plaintiff failed to state a claim upon which relief could be granted and/or over which this Court had subject matter jurisdiction.  Specifically, Plaintiff failed to present any evidence of an implied contract and/or that Plaintiff exhausted any administrative remedies that may or may not be contained therein prior to bringing his lawsuit.  Doc. 44 at 20-21.  Judge Robbenhaar, therefore, recommended that this claim be dismissed.  *Id.*  Judge Robbenhaar further recommended that even if Plaintiff could adequately amend his complaint to cure the deficiencies, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim because the federal claims were being dismissed.

Plaintiff did not make any objections to the magistrate judge's findings or recommendation on the issue of supplemental jurisdiction.

CONCLUSION

In sum, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD.

IT IS THEREFORE ORDERED that Plaintiff's Objections are OVERRULED and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 44) are ADOPTED;

IT IS FURTHER ORDERED that

1.      Plaintiff's Fourth Amended Complaint alleging a Section 1983 cause of action is dismissed without prejudice for failure to state a claim over which the Court has subject matter jurisdiction;

2.      Plaintiff's Fourth Amended Complaint alleging a hostile work environment cause of action based on national origin, age and disability pursuant to Title VII, the ADEA and the ADA is dismissed with prejudice for failure to state a claim upon which relief can be granted;

3.      Plaintiff's Fourth Amended Complaint alleging retaliation pursuant to Title VII, the ADEA is dismissed with prejudice for failure to state a claim upon which relief can be granted; and

4.      Plaintiff's state law claim of unlawful job termination is dismissed without prejudice for failure to state a claim on which relief can be granted and/or over which the Court has subject matter jurisdiction.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE